STOULIG, Judge.
This is an appeal by The National Life and Accident Insurance Company from a judgment adopting a jury verdict which (1) awarded Lois Smith[1] $4,000 for loss of eyesight due under an insurance contract issued by defendant; (2) assessed a $4,000 penalty and a $3,000 attorney fee under R.S. 22:657; and (3) ordered defendant to issue the $1,000 paid-up life policy due should loss of eyesight occur.
We quote the language from the benefits and limitations sections upon which defendant relied to deny the claim:
“Benefits. Upon surrender of this policy and receipt during the lifetime of the Insured of due proof that he has suffered a loss of eyesight or limb (as defined below), and has survived such loss for at least 30 days, the benefit for such loss shall be payable. Loss of eyesight of the Insured shall mean the complete and irrecoverable loss of sight of both eyes before his 70th birthday. * * *
“Upon the payment of a benefit for loss of eyesight or limb hereunder, the Company shall, in addition to the payment of such benefit, issue a fully paid-up life insurance policy providing insurance in the face amount of this policy payable upon the death of the Insured.
“Limitations. No such benefit for loss of eyesight or limb shall be payable for losses caused by (a) disease contracted or injury sustained before the Date of Issue * * * 11
When this contract was written in March 1968, plaintiff was blind in her left eye, having lost her vision in it when she was seven or eight years of age. Plaintiff did not mention her partial loss of sight nor did the agent inquire about it. From the testimony of Mrs. Smith and her daughter Mrs. Saulter, it appears the eye had a milky or opaque appearance that would have been readily apparent to the most casual observer.
In May 1970 a cataract was removed from her right eye. She retained her vision until December 1971 when she awoke one morning to total darkness. Expecting her sight to return, she did not file a claim for loss of sight under the policy at issue until 1973.
For the purpose of deciding the coverage question, we need not determine whether the agent knew or should have known of her partial blindness. We interpret the quoted language to extend coverage to an insured who becomes totally blind while the policy is in effect and do not read the limitation to mean that the vision in both eyes must have been lost after the policy was issued. If we conceded the plausibility of defendant’s argument, it would not change the result because, viewed in the light most favorable to appellant, the language is ambiguous. Under C.C. art. 1957, the ambiguity must be resolved against the insurer.
Appellant next contends the jury erred in imposing the statutory penalties and attorney fees. We will not change the result because there is sufficient evidence to support a factual conclusion that the plaintiff’s claim was arbitrarily refused. The jury had the benefit of viewing this witness as she testified and possibly saw the *219 milky left eye described by the witnesses. Further, the record would support a factual conclusion that the insurance representative, working on straight commission, did not ask the questions on the form that would have apprised the company of Mrs. Smith’s partial blindness. Absent manifest error, we will not reverse on fact.
Appellee has answered this appeal to seek an increase in attorney fees for the legal services rendered in connection with this appeal. There are no complex problems involved and we view a $3,000 fee ample to cover services rendered to plaintiff for both the trial and the appeal.
For the reasons assigned, the judgment appealed is affirmed.

AFFIRMED.

. Pending this appeal Lois Smith died; her daughter was recognized as her heir in a judgment of possession and substituted as plaintiff-appellee.